# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br><br>　　Plaintiff,  <br><br>v.  <br><br>Undetermined quantities of all articles of finished and in-process foods, etc.  <br><br>　　Defendants,  <br><br>and  <br><br>HI-TECH PHARMACEUTICALS, INC. and JARED WHEAT,  <br><br>　　Claimants.  <br><br>HI-TECH PHARMACEUTICALS, INC.,  <br><br>　　Plaintiff,  <br><br>v.  <br>MARGARET A. HAMBURG, M.D., et al.  <br><br>　　Defendants. | Civil Action No. 1:13-cv-3675  <br><br>Hon. Willis B. Hunt, Jr. |

**HI-TECH PHARMACEUTICALS, INC.', AND JARED WHEAT'S MOTION, PURSUANT TO FED. R. CIV. P. 26(b) and 37(a), TO COMPEL PRODUCTION OF DOCUMENTS AND A <u>PRIVILEGE LOG</u>**

## **INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26(b) and 37(a), defendants/claimants Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech"), and Jared Wheat (collectively, "Claimants") hereby move to compel the production of relevant and responsive documents withheld by the Food and Drug Administration ("FDA"). Claimants further moves to compel the FDA to produce a proper privilege log, pursuant to Fed. R. Civ. P. 26(b)(5)(A), describing those documents being withheld under any purported deliberative process privilege.

Claimants first served document demands on the FDA in this matter on or about June 3, 2015. As set forth in the demands, attached as <u>Exhibit A</u> to the declaration of Erica Sibley, Claimants essentially sought any and all factual information upon which the FDA relied for its contentions that the ingredient at issue here, DMAA, is unsafe or not a "dietary ingredient." As of the date of this motion, the FDA has completed seven separate productions of documents to Hi-Tech in this matter, the last production being on or about December 11, 2015.[1]

Though counsel for Hi-Tech have not completed their review of the most recent document production by the FDA, a cursory examination of that production reveals that, consistent with its prior document productions, other than documents relating to the seizure and/or testing of Hi-Tech's goods, the FDA has not

---

[1] It is our understanding that this is the last production of documents the FDA intends to make in this matter.

produced a single internal document regarding DMAA: no memoranda, no factual analyses, no emails, no notes, nothing. Worse, as of the date of this motion, the FDA has produced a privilege log, see Exhibit D to Declaration of Erica Sibley, devoid of any substance. The two-page log is primarily devoted to protecting the trade secrets of third parties and, other than a handful of cryptically listed "notes,"[2] lists virtually no FDA created documents and not a single electronic document. It is the understanding of Hi-Tech's counsel that the FDA has no intention of revising or expanding its privilege log. When questioned about this, counsel for FDA make vague assertions of the deliberative process privilege shielding any and all documents created by the FDA regarding DMAA and that they do not have to be described on a log as it would be too burdensome.

    The FDA has seized millions of dollars' worth of Hi-Tech's goods. Hi-Tech is entitled to the information that provides a factual/scientific basis for this seizure. It may well be that some of the FDA's information may be attorney/client privileged or protected by the "deliberative process" privilege afforded agencies of the government. However, the FDA cannot simply unilaterally decide that any and all documents that it has created regarding DMAA are protected from disclosure

---

[2] The privilege log, such as it is, does not even provide such basic information as the authors or recipients of the documents listed. The log was provided to counsel for Hi-Tech on or about December 11, 2015.

3

while simultaneously not describing them on a privilege log so that the correctness of that position can be assessed or challenged.

## RELEVANT FACTUAL BACKGROUND

On or about July 20, 2015, the FDA responded to Hi-Tech's First Request for Production of Documents with written responses only – no documents were produced at that time. (*See* Response to Claimant's First Request for Production of Documents, attached to the Declaration of Erica Sibley as Exhibit B.) These written responses were submitted in concert with a series of emails wherein the FDA described its intent to search electronically stored information belonging to specific FDA document custodians with agreed upon search terms. (*See* email and letter correspondence, attached to the Declaration of Erica Sibley as Exhibit C.)

Despite agreeing on specific search terms and FDA document custodians, the FDA has not produced a single document, either hard copy or electronic, authored by any of those custodians. As reflected in the Declaration of Erica Sibley, numerous conversations with counsel for the FDA, the most recent being held on November 17, 2015, did not result in an agreement by the FDA to either produce documents or a privilege log justifying its refusal to do so. The absence of any internal documents in the FDA's most recent and last document production in this matter and a privilege log devoid of any substance confirms that the agency has no intention of producing any internal documents or a proper privilege log.

## ARGUMENT

**I. The Internal Memoranda, Emails, and Other Documents Sought by Hi-Tech are Relevant and, Absent a Legitimate Claim of Privilege, Must Be Disclosed.**

It is well established that "Rule 26 permits discovery as to any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Naismith v. Professional Golfers Assoc.*, 85 F.R.D. 552, 565 (N.D. Ga. 1979); *Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 525 (N.D. Ga. 2012). The relevance of evidence sought is broadly defined in the context of discovery. *Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1420 (11th Cir. 1994); *citing Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) ("The scope of permissible discovery is limited by the requirement of relevance, although relevance is broadly defined in the context of discovery.") Thus, Rule 26 has been found to broadly construe discovery requests "with a bias in favor of wide-open discovery." *Jackson*, *supra*, 286 F.R.D. at 525; *quoting Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978) ("the term 'relevant' is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case.'").

As reflected in its discovery demands, Hi-Tech seeks documents that provide the factual bases for the FDA's contentions in this litigation. It goes without saying that this would include internal FDA documents, specifically

internal memoranda and email communications that are being withheld by the FDA.

Hi-Tech's initial discovery requests specifically defined documents as broadly as possible, including, anything within the "possession, control or custody of the" FDA. (*See* Exhibit A attached to the Declaration of Erica Sibley). Hi-Tech had, and continues to have, a right to such documents as they relate to all aspects of the litigation and possible defenses thereto. Notably, Hi-Tech's Administrative Procedure Action has been consolidated with the FDA's Seizure Action. It is no defense to a discovery demand here simply to assert that discovery is limited in Administrative Procedure Act cases. The FDA has acknowledged that factual discovery relating to the seizure action is relevant and discoverable. (*See* July 30, 2015 Letter, Exhibit C to the Declaration of Erica Sibley). In the FDA's July 30, 2015 letter, the Agency proposed five custodians of electronic information, limiting the scope of discovery to those custodians – Hi-Tech agreed, for the time being, to limit the scope of discovery to documents held by these custodians. (*See* Exhibit C to the Declaration of Erica Sibley). In later communications, the parties further agreed to specific search terms that would be used in searching for electronic documents held by the identified custodians of documents. *Id.* However, the FDA has since simply refused to provide

identifiable responsive documents (including e-mail documents) or a proper privilege log to justify that stance.

There is no question that a party resisting discovery must show specifically how each discovery request "is not relevant or how each question is overly broad, burdensome or oppressive." *Rosen v. Provident Life & Accident Ins. Co.*, 308 F.R.D. 670, 676 (N.D. Ala. 2015); *citing Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). The FDA has declined to produce documents on two bases: that it would be "extremely burdensome" to produce documents beyond the scope of discovery, and that documents are protected by the deliberative process privilege. (*See* November 19, 2015 email, Exhibit C to Erica Sibley's Declaration). However, the FDA has constricted its definition of the "scope of discovery" by its own terms and, contrary to extensive communications with Hi-Tech, as discussed above. With respect to an assertion of privilege, the FDA must provide an appropriate foundation for that contention in addition to a proper privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A).

## II. The FDA Must Demonstrate that the Withheld Documents Are Pre-decisional and Deliberative for the Deliberative Process Privilege to Apply

To properly withhold a document from disclosure pursuant to the deliberative process privilege, the government must establish two principles:

> "First, the document must be pre-decisional, i.e. prepared in order to assist an agency decision maker in arriving at his decision. Second, it

7

must be <u>deliberative</u>, that is, a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters."

*Christoph v. United States*, No. CV495-88, 1996 U.S. Dist. LEXIS 681*2 (S.D. Ga. Jan. 19, 1996); *citing Nadler v. Dept. of Justice*, 955 F.2d 1479, 1491 (11th Cir. 1992); *accord Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1263 (11th Cir. 2008) (In considering an assertion of "deliberative process, two requirements must be met for that privilege to apply. First, the material must be pre-decisional…Second, it must be deliberative."). However, "non-deliberative factual material" is generally not protected by privilege unless it is "inextricably intertwined" with the deliberative process. *Christoph*, *supra*, 1996 U.S. Dist. LEXIS 681*3; *see also Sierra Club v. Kempthorne*, 488 F. Supp.2d 1188, 1190 (S.D. Ala. 2007) ("The privilege is not without limits. Importantly, the Supreme Court has held that factual information must be disclosed.")

The privilege is meant to be narrowly construed such that only pre-decisional documents are protected. It does not exempt "documents explaining an agency's final decision." *Id.* In other words, the deliberative process privilege "is not an absolute privilege." *Jones v. City of College Park*, 237 F.R.D. 517, 520 (N.D. Ga. 2006). Even if a document may be considered pre-decisional and part of the deliberative process, "the court must weigh the government's interest in non-disclosure against the competing interest of the plaintiff in obtaining the

8

discovery." *Jones*, *supra*, 237 F.R.D. at 520. It in no way "operate[s] indiscriminately to shield all decision making by government officials." *Id.*

Eleventh Circuit case law makes clear that the FDA cannot shield all internal government documents under a blanket assertion of deliberative process privilege. Given the narrow and specific construction of the privilege, it is likely that some portion of what the FDA seeks to withhold may not be protected by the deliberative process privilege, and therefore must be produced. At this point, Hi-Tech can only speculate as to what is or is not covered by the privilege as the FDA has failed to provide any factual basis for its assertions. The FDA has further failed to provide any description of the documents being withheld in the form of a proper privilege log or otherwise such that Hi-Tech and this Court may determine if the documents are, in fact, protected by the deliberative process privilege. This is completely inappropriate. The FDA cannot simply decide on its own not to produce any internal documents and simultaneously refuse to submit a proper privilege log so that Hi-Tech and this Court can determine whether that decision is correct.[3]

---

[3] Indeed, Hi-Tech cannot even request an *in camera* review of materials as the FDA's conduct prevents it from having any idea as to what is being withheld and needs review.

### a. As the Party Asserting Privilege, the FDA, Bears the Burden to Show a Basis for the Privilege Asserted

"It is well established that the party invoking a privilege 'bear[s] the burden of proving its existence.'" *Wiand v. Wells Fargo Bank, N.A.*, 981 F.Supp.2d 1214, 1216 (M.D. Fl. 2013); *quoting In re Grand Jury Investigation*, 842 F.2d 1223, 1225 (11th Cir. 1987); *accord Kempthorne*, *supra*, 488 F.Supp.2d at 1191 ("The burden generally rests with the party resisting the disclosure to establish the applicability of the privilege."); *Sanders v. Alabama State Bar*, 161 F.R.D. 470, 474 (M.D. Ala. 1995) ("The burden of proof is on the side asserting the privilege to show that the privilege applies.")  Simply put, for the FDA to even attempt the assertion of a deliberative process privilege, it must prove the existence and applicability of the privilege.  The FDA has done nothing more than baldly state the privilege applies in communications with Hi-Tech counsel.  As such, Hi-Tech is left to assume that the FDA has not provided the appropriate basis for its assertion of privilege because the agency cannot.

### b. Under F.R.C.P. 26(b)(5)(A) the FDA Is Required to Provide a Privilege Log Describing Claimed Privileged Documents

Even if the FDA has properly withheld documents under the asserted deliberative process privilege, the FDA is required to produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A).  *First Benefits, Inc. v. Amalgamated Life. Ins. Co.*, No. 5:13-CV-37, 2014 U.S. Dist. LEXIS 169219*6 (M.D. Ga. Dec. 8,

2014) (a "party claiming privilege must expressly make the claim and describe the nature of the documents not produced or disclosed."). The purpose of producing a privilege log that describes the withheld documents is to allow the requesting party and the Court to assess whether the documents are responsive and whether they are subject to privilege. *Motisola Malikha Abdallah v. Coca-Cola Co.*, No. 1:98-CV-3679-RWS, 2000 U.S. Dist. LEXIS 21025*32 (N.D. Ga. Jan. 25, 2000) (Ordering defendant to include withheld documents on the privilege log and "to identify the documents by date, author, recipient, and description so that a determination can be made as to whether the documents are responsive and whether any privilege applies.")[4] Thus, the Federal Rules of Civil Procedure provide a clear dictate for the withholding party to "expressly make the claim" for the basis of the privilege asserted as well as to "describe the nature of the documents, communications, or tangible things not produced or disclosed" to "enable other parties to assess the claim." *See* Fed. R. Civ. P. 26(b)(5)(A).

Where, as here, a party asserting privilege has failed to provide a proper privilege log, the Court may order that party to produce a privilege log that fully complies with the requirements of Fed. R. Civ. P. 26(b)(5)(A). *Williams v. Taser*

---

[4] On this point, the FDA's position in its November 19, 2015 letter, attached hereto under Exhibit C, that it does not have to produce a proper privilege log detailing non-responsive documents is improper, as it is the FDA who has unilaterally determined that these documents are non-responsive and neither Hi-Tech nor the Court can determine if these privileged documents are in fact non-responsive, or privileged, without the benefit of a proper privilege log.

*Int'l*, 274 F.R.D. 694, 696 (N.D. Ga. 2008); *Pinkney v. Winn-Dixey Stores, Inc.*, No. CV214-075, 2015 U.S. Dist. LEXIS 27654*26 (S.D. Ga. Mar. 6, 2015) (Ordering that, to the extent plaintiff claims any documents, "in her possession are privileged or protected from disclosure, she must provide defendant with a privilege log that identified each statement and that complies with the requirements of Rule 26."). In the absence of "a privilege log, or any other information regarding the internal documents except the conclusory and generalized assertions" that the documents are protected by privilege, "it is not possible for the Court to make a thorough factual determination as to whether the documents are, in fact," properly withheld. *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004, 2010 U.S. Dist. LEXIS 2774*12 (M.D. Ga. Jan. 14, 2010).

The FDA has persisted in relying on conclusory and generalized assertions of deliberative process privilege as the basis for withholding documents without providing Hi-Tech or this Court any means for assessing these documents. Hi-Tech has a basic discovery right to a proper privilege log under Fed. R. Civ. Pro. 26(b)(5)(A) and, as explained above, by recognized precedent. For these reasons, Hi-Tech respectfully requests that this Court order the FDA to produce a

comprehensive privilege log such that Hi-Tech and the Court may assess the status of the documents being withheld from production.[5]

Finally, Hi-Tech wishes to have the opportunity to thoroughly review all fact discovery, including the FDA's proper privilege log, prior to conducing fact depositions. In accordance with the parties' Second Amended Joint Discovery Plan (Doc. 59), the parties' fact depositions must be completed by January 29, 2016. Hi-Tech simply will not have enough time prior to this deadline to review the FDA's proper privilege log and any additional documents provided. Therefore, Hi-Tech respectfully requests that this Court extend the deadlines in the parties' Discovery Plan accordingly.

## **CONCLUSION**

For the foregoing reasons, Hi-Tech respectfully requests that this Court order the FDA to produce all internal documents, including, but not limited to, memoranda and email communications held by the agreed upon custodians. Hi-Tech further respectfully requests that this Court order the FDA to produce a proper privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A) for documents withheld pursuant to privilege. Finally, Hi-Tech respectfully requests that this

---

[5] Alternatively, the Court may order the FDA to actually produce the currently withheld documents as the 11th Circuit has held that the failure of a party to provide a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A) "is deemed to waive the underlying privilege claim." *Johnson v. Gross*, 611 Fed. Appx. 544, 547-48 (11th Cir. 2015).

Court provide an extension of the scheduling order dates so that Hi-Tech may have sufficient time to review the FDA's proper privilege log and any further documents produced prior to taking fact depositions.

Respectfully submitted,

*E. Vaughn Dunnigan*
E. Vaughn Dunnigan, Esq.
E. Vaughn Dunnigan, P.C.
2897 N. Druid Hills Rd., Suite 142
Atlanta, Georgia 30329
(404) 663-4291
evdunnigan@hotmail.com
Georgia Bar No. 234350

*Arthur Leach*
Arthur Leach, Esq.
Law Offices of Arthur Leach
5780 Windward Parkway, Suite 225
Alpharetta, Georgia 30005
(404) 786-6443
art@arthurleach.com
Georgia Bar No. 442025

*Jack Wenik*
Jack Wenik, Esq.
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102
(973) 639-5221
jwenik@ebglaw.com
Admitted Pro Hac Vice

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(D)

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that the above document was prepared in Microsoft Word using 14-point Times New Roman font.

## CERTIFICATE OF SERVICE

I hereby certify that the above document was electronically filed using the CM/ECF system and was served upon counsel of record via electronic mail on this 23rd day of December.

*E. Vaughn Dunnigan*
E. Vaughn Dunnigan, Esq.
Georgia Bar No. 234350
