## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA,          :
    Plaintiff,                          :
                                        :
v.                                 :          CIVIL ACTION NO.
                                        :          1:13-CV-3675-WBH
QUANTITIES OF FINISHED AND         :
IN-PROCESS FOODS, et al.,          :
    Defendants.                         :

### ORDER

On April 3, 2017, this Court entered an order granting the Government's motion for summary judgment and directing the Clerk to enter judgment in the Government's favor. [Doc. 140]. Hi-Tech Pharmaceuticals, Inc., and its CEO (collectively Hi-Tech) have now filed a motion for reconsideration. [Doc. 142].

In its motion, Hi-Tech first argues that this Court improperly "encroached on the policy making prerogative of Congress," [Id. at 14], by determining that in using the term "botanical" in 21 U.S.C. § 321(ff), "Congress intended that there must be at least some history of the substance in question having been extracted in usable quantities from a plant or a plant-like organism." [Doc. 140 at 9]. This Court disagrees. As noted in the order, there is nothing in the statutory scheme, the legislative history, or the case law that provides even the slightest guidance of congressional intent regarding the use of "botanical." Accordingly, this Court turned

AO 72A
(Rev.8/82)

to the standard canons of statutory construction to determine what Congress meant by first looking at the term's ordinary meaning. Under that meaning, a botanical – and by extension, a constituent of a botanical – is something that comes from a plant, and none of the DMAA ever placed in a product for sale has come from a plant. This Court thus concluded that DMAA is not a botanical, and whether or not the Government advocated that interpretation is of no moment.[1]

Hi-Tech's next argument is based on its incorrect interpretation of this Court's order. This Court did not conclude that DMAA was not a botanical because there is no evidence that DMAA can be extracted in a usable quantity. Rather, this Court held that, in order for a substance to be a botanical, there must be some *history* of its having been so extracted. As stated, the DMAA in the marketplace has never come from a plant.

As to Hi-Tech's argument that, until this Court issued the order, it did not know that "the ability to extract DMAA from geraniums in a 'usable quantity'" was in dispute, [Doc. 142 at 22], this Court again points out that the *ability* to extract usable quantities of DMAA from geraniums is not the issue. The question is whether someone has extracted DMAA from geraniums or some other plant and placed that

---

[1] In response to Hi-Tech's footnote 4, [Doc. 142 at 17-18 n.4], this Court did not state, or even suggest, that geraniums are an obscure plant.

2

DMAA in a product, and it is obvious from the record that no one has done that. If someone had, there would not have been a dispute regarding whether DMAA was a botanical in the first instance.

For the reasons discussed, Hi-Tech's motion for reconsideration, [Doc. 142], is **DENIED**, and its motion for a stay, [Doc. 143], is **DENIED** as moot.

**IT IS SO ORDERED,** this ____2____ day of ____June_____, 2017.

WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)